liLANDRIEU, Judge.
Denise Kenney Latshaw was abducted from the parking lot of the New Orleans Towers on January 15, 1987, when she went to retrieve her ear in order to drive her grandmother (a resident of the New Orleans Tower apartment complex) to a bingo game. Ms. Latshaw was subsequently sexually abused and murdered and her parents, Mr. and Mrs. Warren Kenney, sued the owners of New Orleans Towers for negligence.
Finding that no genuine issue of material fact existed and that under the uncontested facts the defendants had no duty to protect Ms. Latshaw from inarticulated criminal conduct, the trial court granted a motion for summary judgment in favor of the defendants, New Orleans Towers, A Louisiana Limited Partnership, Rodney Lawler, H. Pat Wood, and W. Thomas Howard. The Ken-neys’ appeal this summary judgment, raising three issues.
First, the Kenneys argue that as a business proprietor, the New Orleans Towers owed Ms. Latshaw, an invitee to their premises, a duty of care “under the facts of this case.” Although a duty to protect exists for some businesses based upon a “unique relationship” wherein patrons entrust their welfare to 12their host, this Court has recognized only hotels, hospitals, and common carriers as having such a relationship. See Dye v. Schwegmann Bros. Giant Supermarkets, Inc., 627 So.2d 688, 692 (La.App. 4 Cir.1993). The Kenneys do not cite, nor does research reveal, any authority which supports their proposition that a landlord has such a relationship with the guest of a tenant. Rather, the Kenneys contend that a landlord’s relationship with its tenants’ guests is analogous to the innkeeper/guest relationship and that the duty of care should be extended accordingly.
The duty-risk analysis is helpful in determining liability in negligence actions. Thus, for liability to attach, the plaintiffs must establish that (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk or harm was within the scope of the breached duty. Mundy v. Dept. of Health & Human Res., 620 So.2d 811, 813 (La.1993) (citations omitted).
Ms. Latshaw was a tragic victim of criminal violence, as was the victim in the Dye case. Under the uneontested facts, however, as a matter of law we find no duty imposed on the New Orleans Towers to protect a guest of one of its tenants from inarticulated random crime. Nor do we find an assumption of duty to protect the guest of its tenants from crimes committed by third parties based on the fact that the apartments in the New Orleans Towers were leased to elderly, handicapped, and disabled tenants.[1] In arguing that the New ^Orleans Towers assumed such a duty because it advertised security safeguards and provided security guards,[2] the Kenneys’ reliance on Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984) is misplaced. That case considered Pizza Hut’s liability under a respondeat supe *17 rior doctrine of liability for negligent acts of its security guard, not ordinary negligence and is not a definitive statement that restaurants owe a duty to provide protection to their customers from third party criminal acts. Dye, 627 So.2d at 692; see also J. Byrnes concurrence (limiting Harris to “its own peculiar facts”). In any event, even accepting arguendo an assumption of such a duty by New Orleans Towers towards its tenants, no such duty existed towards a third party guest.
Finally, the Kenneys contend that this was not an appropriate case for summary judgment. However, summary judgment shall be rendered “if the pleadings, depositions, answers to. interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law” La.Code Civ.Proc.Ann. art. 966 (West 1984). Once a motion for summary judgment has been made and supported, the opposing party may not rest on the mere allegations of his pleadings but must set forth by affidavit or other receivable evidence specific facts showing a genuine issue for trial or else summary judgment will be rendered against him. La.Code Civ.Proc.Ann. art. 967 (West 1984); Osborne v. Vulcan Foundry, Inc., 577 So.2d 318, 323-24 (La.App. 4th Cir.1991). The plaintiffs failed to meet their burden of proving the 14existence of any genuine issue of material fact and, accordingly, summary judgment was appropriate.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, J., dissents.

. The defendants advertised that the New Orleans Towers with its residency requirement of “62 years of age or older, handicapped or disabled" as "designed and staffed to insure the maximum safety and convenience for its residents,” adding that "a security guard will be provided around the clock for the added safety and convenience of each resident.” Yet the defendants concede that at the time of the attack no security guard was on duty.

. The Kenneys note that advertisements for New Orleans Towers say that a security guard is always on duty. The undated copy of an advertisement attached to the Kenney brief states that a "security guard will be provided around the clock” and lists a lighted parking lot as an "extra.” Additionally, the Kenneys submit deposition testimony indicating that although New Orleans Towers hired professional security guards for evenings as well as on weekends and holidays both before and after this incident, only an in-house security system (i.e. employees such as maintenance workers and housekeepers were to keep their eyes open for possible security problems in the course of their duties) was in place at the time of Latshaw’s abduction. The Kenneys allege that this more relaxed approach to providing security guards, combined with relaxed sign-in procedures for visitors, was a breach of an assumed duty.